### 123.  TRIPP *v.* KENNEDY.

No error of law being assigned, a verdict supported by the evidence and approved by the trial judge will not be set aside by this court.

Trover, from the city court of Dublin—Judge Burch. February 19, 1906.

Submitted February 19,—Decided February 21, 1907.

*K. J. Hawkins,* for plaintiff.  *Howard & Baker,* for defendant.

RUSSELL, J.  C. M. Tripp brought an action of bail-trover against Z. Kennedy, in the city court of Dublin, for a pair of steers described as one yoke of oxen,—one white and red speckled and the other white and red pied. He also claimed $25 for the hire from March 24, 1905. On the trial the defendant disclaimed title, and the only issue for trial was whether or not the plaintiff was entitled to his hire. The defendant insisted that the plaintiff was not entitled thereto, because plaintiff had agreed to accept lumber from defendant in payment of the purchase-price of the property, and that defendant had tendered the lumber. The plaintiff testified that he was now in possession of the steers, defendant having failed to give bond for them after they were seized. They were in the possession of the defendant, after he traded for them, from March 24 to September 1, 1905, and were worth fifty cents a day. He testified that he agreed to take lumber in payment for the steers, but when he called on defendant for the lumber he did not let him have it. Plaintiff further swore that he made several demands for the lumber and sent his wagons for it, but defendant would never furnish it. He was corroborated by two witnesses, as to portions of his testimony. The defendant swore that he

was ready and anxious to deliver the lumber in payment of the purchase-price of the steers, and offered it to plaintiff repeatedly, and sent him word to come and get it, according to contract. He was always ready to deliver it, though he did refuse to pile it for the driver sent by plaintiff, as that was not in the contract; and for a short time he was out of lumber, though he had previously had more than enough lumber to pay the debt, and only sold it because plaintiff would not send for it, although he sent him word to do so, by Mr. Fuqua. He also testified that at one time he offered some of the lumber to plaintiff in Dublin, though he was not required, under the contract, to carry it there. Witness Fuqua corroborated the defendant as to the message sent to plaintiff, and the fact that defendant had the lumber on hand. Plaintiff denied the Dublin lumber and the Fuqua message.

The jury found in favor of the defendant. But in his pursuit for hire, the plaintiff asp*(h)ired* to go *higher,* and made a motion for new trial. There is no assignment of error except the overruling of the motion, and nothing in the motion except the general grounds. The jury having settled the conflict of evidence, there was nothing else for the judge to do but to sustain their verdict. And plaintiff in error, having run upon the reefs in the lower court, has now *steered* his case upon the rocks which by law surround this harbor for the correction of errors. *Austere* law commands that this vessel, all but capsized on the reefs below, be scuttled as wreckage here.          *Judgment affirmed.*